**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TANYA L. WARD,

    Plaintiff,

vs.                                                                   CASE NO. 3:11-cv-523-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## **O R D E R**

This case is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. #29, Petition), filed March 26, 2012. Plaintiff's counsel requests an award of $5,130.53 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA). Plaintiff advised Defendant does not have an objection to the payment of fees as set forth in the Petition (Doc. #29, ¶ 8), and, in fact, no response to the Petition has been filed. Thus, the matter is ripe for the Court's consideration.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal of a denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), and the Commissioner failed to apply the proper legal standards in evaluating the case.[1] Upon determination that a plaintiff is the prevailing

---

[1]The case was remanded in response to the Commissioner's Unopposed Motion for Entry of Judgment with Remand filed on January 19, 2012 (Doc. #23, Motion). In light of the Commissioner's Motion, the Court entered an order of remand pursuant to sentence four
(continued...)

party, the burden shifts to the Commissioner to show that his position was substantially justified. *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). The position of the Commissioner will not be found to have been substantially justified unless the position had a reasonable basis in law and in fact, and "is justified to a degree that would satisfy a reasonable person." *Id.* Here, having requested the remand to the Commissioner and having consented to the EAJA petition, the government has impliedly admitted that its position was not substantially justified. *See Soto v. Astrue*, No. 09-CV-3238(FB), 2010 WL 2026269 (E.D.N.Y. May 20, 2010) (finding the government effectively conceded that its litigation position was not substantially justified since it did not oppose the EAJA fee petition); *Smith v. Sec'y of Health & Human Servs.*, No. CIV-87-1208E, 1990 WL 93974 (W.D.N.Y. Jun. 28, 1990) (finding that upon a stipulated remand and a stipulation to an award of EAJA fees, the government "impliedly admit[ed]" its position was not substantially justified); *see also Damian v. Sec'y of Health & Human Servs.*, No. CIV-88-875E, 1991 WL 99065 (W.D.N.Y. May 27, 1991) (finding same). Therefore, the Commissioner's position here was not substantially justified. The Court also finds there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

    2.    In accordance with the parameters for payment of EAJA fees, Plaintiff expressly states, "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars" (Doc. #29, ¶ 5), which the Court accepts as true. *See* 28 U.S.C. §

---

[1](...continued)
of 42 U.S.C. § 405(g) and § 1383(c)(3) on January 23, 2012 (Doc. #24). Judgment was entered in this case on January 24, 2012 (*see* Doc. #25, Judgment in a Civil Case).

2412(d)(2)(B). Additionally, the Court finds Plaintiff's Petition was timely filed. *See* 28 U.S.C. § 2412(d)(1)(B).

       3.     The amount of attorney fees to be awarded "will be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees will not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Baber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). Attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area. *Id.* Moreover, the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Here, Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125 should be raised to $180.59 per hour for services provided in 2011 and to $181.98 per hour for services in 2012 (Doc. #29 at ¶ 6 ). The Court in its discretion has determined that the requested hourly rates are

reasonable when factoring in the Consumer Price Index as a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[2]

     3.    The Court's review must consider not only the reasonableness of the requested hourly rate for attorney fees, but also whether the number of hours claimed for attorney fees under the EAJA were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). The standard used to determine the reasonableness of the number of hours compensable under the EAJA is that of "billing judgment" in private legal practice. *Spruil v. Bowen*, 691 F. Supp 302, 307 (M.D. Fla. 1988). In this instance, the Court finds the number of hours sought by the attorney filing the complaint are excessive for the services performed and counsel has requested compensation for services as legal counsel that appear to be clerical in nature and should be subsumed within overhead costs. *See Gates v. Barnhart*, 325 F.Supp.2d 1342, 1348 (M.D. Fla. 2002) *citing to Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000) ("tasks of a clerical nature are not compensable as attorney's fees" and "are properly considered overhead costs"). Moreover, Plaintiff has requested compensation for a paralegal at $75 per hour for tasks that also appear to be clerical in nature. *See Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (the EAJA must be interpreted to include fees for paralegal services within the meaning of "attorney ... fees" as set forth in the Act); *SEC v. Kirkland*, No. 6:06-

---

[2]The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited May 11, 2012). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

cv-183-Orl-28KRS, 2008 WL 5191230 (M.D. Fla. Dec. 10, 2008) (finding work that is clerical in nature is not compensable as paralegal services).

In this instance, Plaintiff's counsel filed a one and one-half page complaint that consists almost entirely of boilerplate language (*see* Doc. #1, complaint). The complaint was filed on May 24, 2011. From April 5 through May 23, 2011, counsel seeks EAJA compensation for two and one-half hours, during which time counsel created Plaintiff's affidavit of indigency, created the complaint, conducted a telephone conference with her client and completed numerous other miscellaneous tasks (Doc. #29-2). Pre-complaint fees have been recognized as compensable when the hours worked are related to the preparation of the federal case and not related to the underlying administrative proceedings. *Webb v. Bd. of Educ. of Dyer Cnty.,* 471 U.S. 234, 243 (1985); *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984). The hours listed by Plaintiff's counsel for work reviewing the administrative file, creating Plaintiff's affidavit of indigency and the motion for *in forma pauperis* status, and for preparation of the complaint are therefore found to be reasonable for EAJA fees. *See Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1353 (M.D. Fla. 2011) (collecting cases regarding attorney fees for pre-complaint hours and finding the 2 hours claimed by the plaintiff's counsel were reasonably expended toward litigation in the federal case); *DaCosta-Lima v. Astrue*, No. 3:11-cv-777-J-32TEM, 2012 WL 177398, at *2 (M.D. Fla. Jan. 23, 2012) (finding 1.5 pre-complaint hours claimed by attorney to be reasonable); *Harrison v. Astrue*, No. 3:08-cv-577-J-TEM, 2009 WL 3853184, *2-3 (M.D. Fla. Nov. 18, 2009) (reducing by half the number of pre-complaint hours claimed by the attorney for pre-complaint work; cutting out the hours spent on discussion of administrative proceedings, but leaving in the 1.9 hours listed for preparation of the

complaint in federal court).  In this instance, based on this Court's experience regarding billing judgment and Social Security fee applications, and review of this case, the Court finds one and seven tenths (1.7) hours spent in preparation and filing the complaint and the affidavit of indigency are reasonable.

Both in the hours reported prior to filing the complaint and afterward, the Court has disallowed those hours claimed by Plaintiff's counsel for tasks that are clerical in nature, which include but are not limited to, reviews of the summons and the civil coversheet, preparation of the letter to the Clerk of Court with the federal filing package, receipt and reviews of emails, and creation of emails to the paralegal or co-counsel.  *See Gates v. Barnhart,* 325 F.Supp.2d 1342, 1348 (M.D. Fla. 2002) (time spent mailing summonses and complaint is not compensable under the EAJA as attorney hours)*; Yermal v. Astrue*, No. 5:08-cv-529-Oc-GRJ, 2009 WL 4042919, at *2 (M.D. Fla. Nov. 23, 2009) (preparing a notice of designation and sending the complaint and summons are clerical tasks not compensable as attorney fees under the EAJA); *Brandt v. Astrue*, No. 08-0658-TC, 2009 WL 1727472, at *3 (D. Or. Jun.16, 2009) (preparing a summons and  civil cover sheet, as well as preparation of an itemized invoice for legal services, are clerical tasks not compensable under the EAJA); *White v. Barnhart*, No. 05-2856, 2006 WL 2433835, at *5 (E.D. Pa. Aug. 18, 2006) (docketing, reviewing proof of service, directing service, and preparing letters to the client are clerical tasks not recoverable under the EAJA).  In making this determination, the Court does not question whether Plaintiff's counsel performed the tasks as listed in the Petition.  The Court finds, however, that those tasks encompass matters that do not require counsel's use of her legal skills.  "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which

were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). Of the post-complaint hours claimed by the attorney filing Plaintiff's complaint, the Court finds one and eight tenths (1.8) hours are compensable under the EAJA.

Counsel who filed the brief in this action seeks sixteen and five tenths (16.5) hours for the research, analysis and drafting of Plaintiff's brief, plus two tenths (.2) of an hour to prepare the time sheet for the EAJA petition. Counsel drafted a twenty-four page brief that ultimately played a role in the Commissioner's decision to seek remand of this case for further administrative action. The 16.5 hours for Plaintiff's brief falls squarely within the range of hours the Court typically sees for a brief of the length and quality filed by counsel here. The .2 hours to prepare a time sheet for the EAJA petition, however, is an administrative task that should be subsumed within overhead costs, particularly when additional time is sought for preparation of the actual petition. See *Brandt v. Astrue,* 2009 WL 1727472 at *3.

In this case, Plaintiff seeks EAJA compensation for a paralegal working under the direction of the attorney who filed the complaint (Doc. #29-3). A total of three and one tenth (3.1) hours are sought to be paid at the rate of $75 per hour. The Eleventh Circuit has recognized paralegal time as recoverable under the EAJA, but only "to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) *quoting Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982). Under the EAJA, the amount of fees awarded to non-attorneys shall be "based upon prevailing market rates for the kind and quality of the services furnished. . .

." 28 U.S.C. § 2412(d)(2)(A). Defendant does not contest the amount of $75 per hour for paralegal hours expended on this case. The Court finds that $75 per hour for paralegal services in this locality is a reasonable rate. However, a liberal interpretation of the hours reported by the paralegal reveals that only nine tenths (.9) of one hour consists of "work traditionally done by an attorney." *Jean v. Nelson,* 863 F.2d at 778. Specifically, the Court finds the telephone conferences with the client on April 19, 2011, June 13, 2011 and June 27, 2011, and the telephone conference with the U.S. Attorney's Office, arguably involved legal work traditionally performed by counsel. The remaining tasks appear to the undersigned to be either clerical or administrative in nature and are not linked to the actual completion of any legal work. *Cf. Mobley v. Apfel*, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000) (reiterating the position within the Eleventh Circuit that clerical work is not compensable under the EAJA); *Sanfilippo v. Comm'r of Soc. Sec.*, No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836, *2 (M.D. Fla. May 5, 2008) (time spent by counsel correcting one's own errors, performing clerical tasks, and duplicative time entries are not compensable) (internal citations omitted); *Holmes v. Astrue*, No. C/A No. 3:08-1829-CMC-JRM, 2010 WL 3220085, *2 (D.S.C. Aug. 12, 2010) (clerical tasks are not billable as legal work, even if performed by an attorney).

The hour sought for preparation of the EAJA petition is reasonable. The Eleventh Circuit has held that "fees for fees" are permitted as reasonable fees under the EAJA. *See Jean v. Nelson*, 863 F.2d at 779-80. The Eleventh Circuit found it reasonable to award fees for fees, as not doing so "would contravene Congress's purpose in passing the EAJA to require under all circumstances that successful EAJA fee applicants bear the costs of obtaining EAJA fees." *Id.* at 780.

Thus, on the record of this case, the Court twenty-one attorney hours and nine tenths (.9) of an hour of a paralegal's time were reasonably expended and are compensable under the EAJA. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d at 1301

4. In light of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States), this Court finds the best practice is to award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. Thus, the Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff counsel after a determination that Plaintiff does not owe a federal debt (*see* Doc. #29, ¶ 7).

5. The Court thus finds that $ 3,861.56 ($180.59 x 19.8 hours + $181.98 x 1.2 hours + $75 x .9 hours) is a reasonable amount for attorney fees in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Consent Petition for Attorney Fees (Doc. #29), is **GRANTED** to the extent set forth above.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,861.56 for attorney fees.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of May, 2012.

_Thomas E. Morris_
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any